**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAHUM SANTOS-BARAHONA**, | : | |
| Petitioner, | : | No. 26-cv-1776-JMY |
| | : | |
| vs. | : | |
| | : | |
| **JAMAL L. JAMISON**, in his Official Capacity | : | |
| as Warden of Philadelphia Federal Detention | : | |
| Center, *et al.* | : | |
| Respondents. | : | |

**MEMORANDUM**

**Younge, J.**                                                                 April 17, 2026

Currently before the Court is a Petition for Writ of Habeas Corpus (hereinafter

"Petition").  (Petition, ECF No. 1.)   The Court finds this Petition appropriate for resolution

without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this

Memorandum, and in accordance with the accompanying Order filed along with this

Memorandum, the Petition will be granted.

**I.       FACTUAL AND PROCEDURAL BACKGROUND:**

Petitioner, a native and citizen of Honduras, entered the United States without

inspection.  (Notice to Appear and Form I-862 (dated March 16, 2026), Government's Response

in Opposition, Exhibits B and C, ECF No. 11-2, 11-3.)  Petitioner alleges that he entered the

United States in 2013 and has been present in the United States for approximately thirteen (13)

years.  According to the Petitioner, he is married to a United States Citizen with whom he has an

(8) eight-year-old child who is also a United States citizen.  (Petition ¶ 3, Marriage Certificate

and Birth Certificates, Exhibit A, ECF No. 1 pages 19-22.)  He is also the stepfather of a minor

U.S. citizen aged eleven (11) years, and the stepfather of a minor Lawful Permanent Resident

aged thirteen (13).  (*Id.*)

On February 15, 2026, Petitioner was arrested by the Delaware State Police and charged for the following offenses (1) possession of a deadly weapon during the commission of a felony, (2) aggravated menacing, (3) strangulation, (4) unlawful imprisonment, (5) assault in the third degree, and (6) three separate counts of endangering the welfare of a child (committed a crime the child witnessed by sight or sound).  (DELJIS Charge Summary, Government's Response in Opposition, Exhibit A, ECF No. 11-1.)  Petitioner was convicted of reckless endangerment of another person in the second degree and endangering the welfare of a child; and he received a suspended 10 months sentence of incarceration.  (*Id.*)

After Petitioner was arrested on February 15, 2026 in connection with this domestic incident, ICE interviewed him at the Sussex County Correctional Facility in Delaware.  On March 16, 2026, ICE initiated removal proceedings against Petitioner, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I) given his prior unlawful entry into the United States.  (Notice to Appear and Form I-862 (dated March 16, 2026).)  That NTA was filed with the immigration court on March 16, 2026, thereby commencing his removal proceedings under 8 U.S.C. § 1229a.  (*Id.*)  Petitioner has challenged removal proceedings by filing an Application for Cancelation of Removal and Adjustment of Status for Certain Nonpermanent Residents in the United States Department of Justice Executive Office for Immigration Review – Immigration Court in Elizabth, New Jersey.  (EOIR-42 Application, Petitioner's Reply, Exhibit A, ECF No. 13-1.)

II.    **DISCUSSION:**

The Government argues that the Petitioner is subject to mandatory detention without a bail hearing under the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(A)-(E).  The Government also

argues that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).  For the reasons set forth hereinbelow the Court rejects both of the Government's arguments.

**A.      Laken Riley Act, 8 U.S.C. § 1226(c)(1)(A)-(E):**

The Laken Riley Act does not apply to the Petitioner because the Government failed to establish that he committed a crime that resulted in serious bodily injury.  On January 29, 2025, the President signed into law the Laken Riley Act.  *See* Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025).  Among other things, the Act amended 8 U.S.C. § 1226(c) to provide that the Attorney General:

> [S]hall take into custody any alien who . . . (i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or **any crime that results in death or serious bodily injury to another person**.

8 U.S.C. § 1226(c)(1)(E)(ii).

The Government argues that Petitioner is subject to mandatory detention under the Laken Riley Act because he committed a crime that resulted in serious bodily injury during the domestic incident with his wife.  However, there is no evidence in the record to establish that Petitioner caused serious bodily injury.  Although Petitioner was charged with strangulation in connection with the domestic incident, those charges were ultimately dropped.  The Court is not willing to rely on charges that local governmental authorities no longer intend to pursue to support further detention of the Petitioner based on application of the Laken Riley Act.  *Yesil v. Chestnut*, 26-cv-1758, 2026 WL 834066, *4 (E.D. California Mar 26, 2026) (Declining to apply the Laken Riley Act to an individual who had been arrested for a domestic incident but was never charged, and stating in dicta that the Laken Riley Act did not apply to a suspect who had been acquitted.)

3

The Petitioner was ultimately convicted of reckless endangerment of another person in the second degree and endangering the welfare of a child.[1]  Both of these charges are classified as misdemeanor offenses in Pennsylvania that do not require the actual injury of a victim as an element of the offense.  Therefore, conviction of these misdemeanor offenses alone does not establish Petitioner committed a crime that resulted in death or serious bodily injury as defined by the Laken Riley Act.  *Lopez v. McShane*, No. 26-cv-771, 2026 WL 767779 (E.D. Pa. March 18, 2026) (Petitioner's arrest for aggravated assault after allegedly threatening another person with a handgun did not subject him to detention under the Laken Riley Act because attempt to cause serious bodily injury is not an element under the Laken Riley Act.); *M.V.F. v. Santacruz*, No. 25-cv-11700, 2025 WL 3691419 *8 (C.D. Cal. December 19, 2025) (Arrest for domestic incident did not trigger the Laken Riley Act.).

**B.    Petitioner Is Improperly Detained Under 8 U.S.C. § 1225(b), When He Should Have Been Detained under 8 U.S.C. § 1226(a):**

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing because he avers that detention under 8 U.S.C. § 1225(b) applies only to non-citizens who are "seeking admission" to the United States, rather than non-citizens who are already in the United States pending the outcome of immigration proceedings.  In support of his position, Petitioner cites to the mandatory detention policy that was recently adopted by ICE in the wake of the Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  In the *Matter of Yajure Hurtado*, the BIA issued a precedential decision, binding on all immigration judges ("IJ"), holding that an

---

[1]  Petitioner was not convicted of an aggravated felony which would subject him to detention under 8 U.S.C. § 1226(c)(1)(C) which reads in relevant, "The Attorney General shall take into custody any alien who – is deportable [on the basis of conviction for an aggravated felony] for which the alien has been sentence to at term of imprisonment of at least 1 year."  *Id.*

4

IJ has no authority to consider bond requests for any person who entered the United States without admission. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The Government argues that Petitioner is subject to detention under 8 U.S.C. § 1225(b) and, therefore, ineligible to be released on bond. (*Id.*) Petitioner alleges that he is subject to detention if at all under 8 U.S.C. § 1226(a) based on continued residence in the United States.

The Court is unpersuaded by the Government's argument that Petitioner meets the definition of an applicant who is seeking admission to the United States under 8 U.S.C. § 1225(b)(2)(A) who is, therefore, subject to mandatory detention under 8 U.SC. § 1225(b)(2)(A). The Government's position on this issue has been rejected on numerous occasions by federal courts located within the Eastern District of Pennsylvania. *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb 6, 2026); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026); *Restrepo v. Jamison*, No. 25-cv-6518, 2026 WL 141803 (E.D. Jan. 20, 2026); *Chavez v. McShane*, No. 25-cv-6968, 2026 WL 120671 (E.D. Pa. Jan 16, 2026); *Muzofirov v. Jamison*, No. 25-cv-7371, 2026 WL 126153 (E.D. Pa. Jan 16, 2026); *Kanaut v. Rose*, No. 24-cv-6869, 2026 WL 36690 (E.D. Pa. Jan 6, 2026). The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. (*Id.*) Therefore, it will adopt the reasoning and logic applied in these prior decisions as if set forth herein, and it will grant Petitioner the requested relief.

This Court finds that Petitioner is not subject to the "Arriving Alien" provision of Section 1225(b)(1)(A)(i) because he is no longer in the process of reaching the United States. Petitioner alleges that he has resided in the United States for almost 13 years prior to his arrest. Petitioner further alleges that his wife and children are United States citizens. District courts in the Third Circuit and across the country have found that "seeking admission" describes active and ongoing

5

conduct, such as physically attempting to come into the United States at a border or port of entry. *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, *6 (E.D. Pa. November 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025; *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, *2 (E.D. Pa. November 13, 2025) (quoting *Vazquez v. Feeley*, 805 F. Supp. 3d 1112, 1137 (D. Nev. 2025) (finding a noncitizen who has already been residing in the United States cannot be characterized as "seeking entry" consistent with the ordinary meaning of that phrase). This reading comports with the Supreme Court's finding in *Jennings v. Rodriguez*, 583 U.S. 281, 285 (2018) that Section 1225(b) "applies primarily to aliens seeking entry into the United States," those who are "seeking admission into the country." *Soto v. Soto*, No. 25-cv-16200, 807 F. Supp. 3d 397, 408 (N.J.D. October 22, 2025). This reading also preserves a distinction between "seeking admission" and the separate term "applicant for admission," ensuring that each phrase carries independent meaning. *Kashranov*, 2025 WL 3188399, at *6.

Section 1226 of the INA applies to applies to noncitizens who are not seeking admission but are already present in the United States. *Lario v. Lowe*, 2026 WL 579607 (M.D. Pa. March 2, 2026); *Cordero v. Rose,* No. 26-cv-534, ECF No. 5 at 5–6 (E.D. Pa. Jan. 29, 2026) (Marston, J.) (disagreeing with the United States' interpretation of *Q. Li* and concluding that petitioner, who entered the United States more than three years ago, was not an applicant for admission that was actively "seeking admission" within the meaning of § 1225(b)(2)); *Cajas-Duchimaza v. McShane*, No. 26-cv-621, ECF No. 6 (Feb. 3, 2026) (similar); *Gurievi v. Rose*, No. 26-736, ECF No. 6 (Feb. 9, 2026).

### III.    CONCLUSION:

The Court finds that Petitioner is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b).  Accordingly, Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful, and he should be released from detention under 8 U.S.C. § 1225(b).

BY THE COURT:

   /s/ John Milton Younge
Judge John Milton Younge